**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Jeffrey H. Dorfman
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GUSTAVO ZAVALA MARTINEZ, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**MAJOR FIRE PROTECTION CORP. and JOSE GUILHERME RODRIGUES,**<br><br>**Defendants.** | **CLASS ACTION COMPLAINT** |

Plaintiff Gustavo Zavala Martinez (hereinafter, "Plaintiff" or "Martinez"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime wages and other damages for Plaintiff and his similarly situated coworkers – cleaners, repairmen, and other similarly situated employees (collectively, "Repairmen") – who work or have worked at Major Fire Protection located at 520 50th Avenue, Long Island City, NY 11101 ("MFP").

2.      Major Fire Protection Corp. and Jose Guilherme Rodrigues (collectively, "Defendants") own and operate MFP.

3.      According to their website, http://majorfire1.com/, MFP has "been in business since 1995 consistently working to bring [their] customers the best and most reliable service in

the Fire Prevention business."  Moreover, MFP provides "the highest quality service performed by well trained and qualified technicians."

4.      Throughout Plaintiff's employment, Defendants failed to pay Plaintiff and other Repairmen the proper overtime premiums for hours worked beyond 40 per workweek.

5.      Defendants have applied the same employment policies, practices, and procedures to all Repairmen at MFP.

6.      Plaintiff brings this action on behalf of himself and all similarly situated current and former Repairmen who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

7.      Plaintiff also brings this action on behalf of himself and all similarly situated current and former Repairmen who work or have worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Gustavo Zavala Martinez**

8.      Martinez is an adult individual who is a resident of Bronx, New York.

9.      Martinez was employed by Defendants from in or around July 2013 to October 2015 as a Repairman.

10.      Martinez is a covered employee within the meaning of the FLSA and the NYLL.

11.      A written consent form for Martinez is being filed with this Complaint.

**Defendants**

12.     Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

13.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

**Major Fire Protection Corp.**

14.     Together with other Defendants, Defendant Major Fire Protection Corp. ("Major Corp.") has owned and/or operated MFP during the relevant period.

15.     Major Corp. is a domestic business corporation organized and existing under the laws of New York.

16.     Major Corp.'s principal executive office is currently located at 520 50th Avenue, Long Island City, NY 11101.

17.     Major Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

18.     At all relevant times, Major Corp. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

19.     Major Corp. has applied the same employment policies, practices, and procedures to all Repairmen, including policies, practices, and procedures with respect to the payment of overtime wages.

20.     At all relevant times Major Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Jose Guilherme Rodrigues**

21.     Together with other Defendants, Defendant Jose Guilherme Rodrigues ("Rodrigues") has owned and/or operated MFP during the relevant period.

22.     Upon information and belief, Rodrigues is a resident of the State of New York.

23.     At all relevant times, Rodrigues has been the founder, owner, and operator of MFP.

24.     Rodrigues is listed as the Chief Executive Officer for "MAJOR FIRE PROTECTION CORP." on the New York State Department of State Division of Corporations.

25.     At all relevant times, Rodrigues has had power over personnel decisions at MFP, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

26.     At all relevant times, Rodrigues has had power over payroll decisions at MFP, including the power to retain time and/or wage records.

27.     At all relevant times, Rodrigues has been actively involved in managing the day to day operations of MFP.

28.     At all relevant times, Rodrigues has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

29.     At all relevant times, Rodrigues has had the power to transfer the assets and/or liabilities of MFP.

30.     At all relevant times, Rodrigues has had the power to declare bankruptcy on behalf of MFP.

31.     At all relevant times, Rodrigues has had the power to enter into contracts on behalf of MFP.

32.     At all relevant times, Rodrigues has had the power to close, shut down, and/or sell MFP.

33.     Rodrigues is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

34.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

35.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

36.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

37.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Repairmen, who elect to opt-in to this action (the "FLSA Collective").

39.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

40.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the appropriate premium overtime wages for all hours worked beyond

40 per workweek.

41.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

42.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours per workweek; and
>
> (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

43.     Defendants' unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the overtime hours they work.

44.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per workweek.

45.     Plaintiff and the FLSA Collective perform or performed the same primary duties, and were subjected to the same policies and practices by Defendants.

46.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

47.     There are many similarly situated current and former Repairmen who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

48.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Repairmen at
> MFP in New York between May 19, 2010 and the date of
> final judgment in this matter (the "Rule 23 Class").

50.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

51.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

52.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

53.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

54.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(d)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(e)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement with every payment of wages, as required by the NYLL;

(f)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g)     the nature and extent of class-wide injury and the measure of damages for those injuries.

55.     The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and all of the Rule 23 Class members work or have worked for Defendants as Repairmen at MFP in New York.  Plaintiff and all of the Rule 23 Class members have had the same primary duties, and have been subjected to the same policies and practices by Defendants.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including the right to be properly compensated for all hours worked and to be paid overtime wages for hours worked in excess of 40 hours in a workweek.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

56.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as a class representative, he assumes a fiduciary

responsibility to the Rule 23 Class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Rule 23 Class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the Rule 23 Class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the Rule 23 Class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 Class members.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

58.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

59.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as follows:

**Gustavo Zavala Martinez**

60.    Throughout his employment, Martinez was generally scheduled for the following hours, unless he missed time for vacation, sick days and/or holidays: five days per week from approximately 8:00 a.m. to 4:00 p.m.  However, Martinez consistently was required to work well beyond these hours to complete his duties.

61.    Defendants failed to keep accurate records of wages earned, or of hours worked by Martinez.

62.    Defendants have consistently suffered or permitted Martinez to work over 40 hours per week as a Repairman.  During such workweeks, Defendants have not compensated Martinez at time and one-half his regular hourly rate for all of the overtime hours he worked.

63.    Defendants failed to furnish Martinez with proper annual wage notices, as required by the NYLL.

64.    Defendants failed to furnish Martinez with an accurate wage statement with every payment of wages, as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

65.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

67.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

68.     At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

69.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

70.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

71.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

72.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

73.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

74.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

77.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been an employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

79.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

80.     Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the appropriate overtime premiums – at time and one-half their regular hourly rates – for all hours worked in excess of 40 hours per workweek, as required by the NYLL and the supporting New York State Department of Labor Regulations.

81.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

82.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek,

Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations.

83.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

84.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendants have failed to furnish Plaintiff and the members of the Rule 23 Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

86.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

87.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of two thousand five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Defendants have failed to furnish Plaintiff and the members of the Rule 23 Class with an accurate statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

90.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage statements required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

91.     Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two-hundred fifty dollars for

each workday that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, employed by Defendants as Repairmen.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a collective action pursuant to the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the FLSA collective and counsel of record as Collective Counsel;

E.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.    Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.     Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of two thousand five hundred dollars each, as provided for by NYLL, Article 6 § 198;

H.     Statutory penalties of two-hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.      Prejudgment and post-judgment interest;

K.     Reasonable attorneys' fees and costs of the action; and

L.      Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       May 19, 2016

                                       Respectfully submitted,



                                       _____
                                       Brian S. Schaffer

                                       **FITAPELLI & SCHAFFER, LLP**
                                       Brian S. Schaffer
                                       Jeffrey H. Dorfman
                                       28 Liberty Street
                                       New York, NY 10005
                                       Telephone: (212) 300-0375

                                       *Attorneys for Plaintiff and*
                                       *the Putative Class*

- 16 -

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra MAJOR FIRE PROTECTION CORP. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)

Gustavo Zavala Martinez
Nombre legal completo (Imprenta) (Full Legal Name (Print))